(Pleito No. 108.—Fallado el 26 de Diciembre de 1900.)

## Delgado contra Lecaroz.

Recurso contra sentencia dictada por el Tribunal de Distrito de Arecibo.

Recursos. La regla 71 de la Orden General No. 118 de 1899, derogó el artículo 1,692 de la Ley de Enjuiciamiento Civil, otorgando el recurso de casación en los juicios ejecutivos, como en los demás juicios ordinarios. No cabe recurso de casación contra autos dictados en los procedimientos para la ejecución de sentencias á no ser que resuelvan puntos sustanciales no controvertidos en el pleito, ni decididos en la sentencia, ó se provea en contradicción con lo ejecutoriado.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á veinte y seis de Diciembre de mil novecientos, en los autos de procedimiento de apremio, seguidos primero en el suprimido Juzgado de 1ª Instancia de Utuado, y después en el Tribunal del Distrito de Arecibo, por la sociedad mercantil Lecaroz y Cª domiciliada en Lares, contra Don Andrés A. Delgado, agricultor y vecino de Utuado, para cumplimiento de la sentencia de remate dictada en el juicio ejecutivo

promovido por dicha sociedad contra el propio Delgado, en cobro de pesos, cuyos autos de apremio penden ante Nos en virtud de recurso de casación por infracción de ley, interpuesto por Delgado, habiendo representado y defendido á éste el Letrado Don Hilario Cuevillas Hernández, y á Lecaroz y Cª el Licenciado Don Rafael López Landrón.—1º Resultando: Que en juicio ejecutivo seguido en el suprimido Juzgado de 1ª Instancia de Utuado por la sociedad Lecaroz y Cª contra Don Andrés A. Delgado, en cobro de pesos, pronunció dicho Juzgado sentencia de remate en veinte de Mayo del año próximo pasado, por la que se mandó seguir la ejecución adelante, como bien despachada, por la suma de catorce mil setecientos noventa y un pesos sesenta y nueve centavos, con los intereses convenidos del uno por ciento anual, desde el vencimiento de la obligación y las costas del juicio, hasta hacer trance y remate de los bienes embargados al deudor y más que fueren necesarios, y con su producto entero y cumplido pago á la sociedad acreedora.—2º Resultando: Que habiendo interpuesto Delgado contra la expresada sentencia recurso de apelación que le fué admitido en ambos efectos, se solicitó por la parte actora que se llevara á efecto por la vía de apremio, á cuyo fin prestó fianza hipotecaria que el Juzgado de Utuado estimó bastante, mandando por auto de nueve de Junio del año citado que se procediera á la ejecución de la repetida sentencia en ramo separado, formado con testimonio de las constancias oportunas del juicio.—3º Resultando: Que ya nombrados peritos por ambas partes antes de que se procediera á la tasación de los bienes embargados, la representación de Don Andrés A. Delgado, en escrito presentado en veinte y cuatro de Noviembre al Tribunal de Distrito de Arecibo, ratificando el nombramiento de su perito, manifestó por medio de otrosí que el Tribunal del Distrito de San Juan que conocía de los autos sobre suspensión de pagos de dicho Delgado, había ordenado la suspensión de la vía de apremio del ejecutivo en que comparecía, como así constaba

á la sociedad ejecutante, la cual sin embargo seguía gestionando para continuar la vía de apremio, proceder que no era legal, por más que dicha sociedad hubiera anunciado recurso de casación para impedir el cumplimiento de lo mandado, por lo cual protestaba la nulidad de cuanto se actuara en la vía de apremio, á cuya protesta recayó providencia con fecha veinte y siete del mismo Noviembre, en el sentido de no haber lugar á proveer por no solicitarse nada concreto en el mencionado otrosí.—4? Resultando: Que practicada la tasación de los bienes por peritos que nombraron las partes y por tercero en discordia, se dispuso por el Tribunal del Distrito de Arecibo, en auto de diez de Enero último, se sacaran dichos bienes á pública subasta por término de veinte días, bajo el tipo de treinta y un mil pesos, moneda provincial, como así se anunciaría en los sitios públicos de Utuado y *Gaceta Oficial* de la Isla, con advertencia de que no se admitiría postura inferior á las dos terceras partes del valor de la tasación, y que los licitadores consignarían en la mesa de dicho Tribunal ó en el lugar destinado al efecto, el diez por ciento de aquella suma.—5? Resultando: Que Don Andrés A. Delgado, en escrito presentado en veinte y tres de Enero citado, promovió incidente de nulidad para que con suspensión del remate se declarara nulo el edicto anunciando la subasta y la providencia de que se derivara, si es que se había ordenado su publicación en la forma en que se había hecho, disponiéndose que se señalara otro día para la subasta por término bastante, que se expresara el valor de cada una de las tres fincas embargadas, con las cargas que tenían ó su libertad de gravamen, que se admitieran posturas por las tres conjuntamente ó por cualquiera de ellas, que las consignaciones fueran con relación al total de las fincas ó á las que de éstas fuera objeto de postura, y que se designara el lugar en que debiera hacerse la consignación caso de que no se hiciera en mesa del Tribunal, á cuyo fin alegó defectos de que en su sentir adolecía el edicto publicado; y por otrosí mani-

festó que promovía dicho incidente, sin perjuicio de la protesta de nulidad que tenía ya establecida contra la vía de apremio, acompañando certificación del Secretario del Tribunal del Distrito de San Juan, expedida en veinte y nueve de Noviembre del año próximo pasado, de la que aparece que dicho Tribunal en expediente de suspensión de pagos promovido por Delgado, dictó auto en veinte y cuatro de Octubre anterior declarando no haber lugar á reformar el del día diez del mismo mes, por el que había ordenado la suspensión de todo procedimiento en la ejecución de la sentencia del remate dictada en el juicio ejecutivo seguido por Lecaroz y Cª contra Delgado, ante el Juzgado de Utuado, y que se librara oficio al Tribunal de Arecibo para el cumplimiento de lo dispuesto, contra cuyo auto anunció la mencionada sociedad recurso de casación por infracción de ley y de doctrina legal.—6º Resultando: Que el Tribunal de Distrito de Arecibo, por auto de veinte y seis de Enero último, rechazó la admisión del incidente propuesto; y habiendo ejercitado Delgado contra ese provisto recurso de reposición, previa tramitación del mismo, fué declarado sin lugar por auto de cinco de Febrero siguiente.—Resultando: Que en el propio día cinco de Febrero tuvo lugar la subasta de los bienes embargados y en ese acto la sociedad Lecaroz y Cª solicitó la adjudicación de los bienes embargados por las dos terceras partes del avalúo y á calidad de ceder el remate á un tercero, habiéndose aprobado el remate por auto del día siguiente, seis de Febrero, á favor de Lecaroz y Cª en los términos solicitados.—8º Resultando: Que Don Andrés A. Delgado solicitó reforma del auto de aprobación del remate en el sentido de que se dejara sin efecto, con declaración de que el ejecutivo estaba acumulado de hecho al concurso de acreedores que tenía promovido, á cuyo fin alegó que con la adjudicación hecha se le irrogaban grandes é irreparables perjuicios, pues quedaban sin cobrar otros acreedores tanto ó más respetables que Lecaroz y Cª, para evitar lo cual se había constituído en concurso de acreedores, en cuyo estado lo

había declarado el Tribunal de Arecibo mandando acumular al concurso todas las ejecuciones contra él pendientes, sin que desde ese momento hubiera términos hábiles para continuar el ejecutivo y mucho menos para llevar á efecto el remate y para adjudicar los bienes á un solo acreedor, á favor del cual no existe la excepción establecida por el artículo 166 de la Ley de Enjuiciamiento Civil, pues la anotación preventiva del embargo practicado no tiene más alcance que el que le da el artículo 44 de la Ley Hipotecaria, en relación con el 1,918 del Código Civil, siendo por tanto nulo todo lo actuado desde que el ejecutivo quedó acumulado de hecho al concurso por orden judicial, conforme con el párrafo 3º del artículo 1,171 de la Ley de Enjuiciamiento Civil; á lo cual debe agregarse que habiéndose promovido tercería de mejor derecho antes de la adjudicación de los bienes, ésta no pudo tener lugar por impedirlo el artículo 1,534 de la ley citada, y por ese concepto también era nula la adjudicación hecha á Lecaroz y Cª.—9º Resultando: Que antes de tramitarse el recurso de reposición, se hizo constar en autos á instancias de Delgado que por auto de treinta y uno de Enero último fué declarado aquél en concurso voluntario de acreedores por el Tribunal del Distrito de Arecibo, acordándose entre otras cosas que se acumularan al juicio de concurso las ejecuciones que hubiera pendientes contra el concursado, con la excepción establecida en el artículo 166 de la Ley de Enjuiciamiento Civil, y que por otro auto de cinco de Febrero siguiente el propio Tribunal denegó la admisión del incidente de tercería de mejor derecho promovido por Don Domingo Abreu en el juicio ejecutivo seguido por Lecaroz y Cª contra Delgado, fundándose en que no estando conociendo del ejecutivo, sino del cumplimiento de la sentencia, á virtud de fianza prestada por la parte ejecutante, no podía competerle el conocimiento del incidente.—10º Resultando: Que la sociedad Lecaroz y Cª impugnó dicho recurso de reforma y el Tribunal del Distrito de Arecibo, por auto de veinte y uno de Febrero citado, denegó la reposición del

dictado en seis del propio mes, fundándose en que no había pendiente ante él ejecutivo alguno contra Delgado, pues el que contra éste existía, se encontraba en segunda instancia, y por tanto no era de aplicación el párrafo 3.º del artículo 1,171 de la Ley de Enjuiciamiento Civil, y en que tampoco se había dado curso al incidente de tercería, porque esa facultad sólo correspondía al Tribunal que conocía de los autos principales, no siendo por tanto aplicable el artículo 1,534 de la misma ley, y en que aunque por virtud del concurso hubieran de acumularse las diligencias para la ejecución de la sentencia de remate, los acreedores de Delgado nada obtendrían que no puedan obtener por medio de la fianza prestada por Lecaroz y C.ª para garantir precisamente los perjuicios que produjera la ejecución.—11.º Resultando: Que contra ese auto de veinte y uno de Febrero y su concordante del seis del propio mes interpuso Don Andrés A. Delgado recurso de casación por quebrantamiento de forma, que fué declarado sin lugar por sentencia de veinte y uno de Julio último, y también el presente por infracción de ley, que se dice autorizado por la regla 78 de la O. G. número 118 del año próximo pasado, por el artículo 1,693 de la Ley de Enjuiciamiento Civil y por los números 1.º y 5.º del artículo 1,690 de la misma ley, citando como infringidas las leyes y doctrinas legales que estimó conducentes para fundar dicho recurso.—12.º Resultando: Que el Letrado de Lecaroz y C.ª impugnó el recurso de que se trata, no sólo en el fondo, sino también por creerlo inadmisible, atendida la naturaleza de las resoluciones recurridas. — Visto: siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando: Que, al establecer la regla 78 de la O. G. número 118, de la serie del año próximo pasado, que procederá el recurso de casación por infracción de ley para ante el Tribunal Supremo en todos los asuntos civiles, con excepción de los juicios de que conocieren los Jueces municipales, derogó el artículo 1,692 de la Ley de Enjuiciamiento Civil, que no otorga dicho recurso en los juicios ejecutivos, y

equiparó para los efectos del mismo el procedimiento de apremio de tales juicios al de la ejecución de sentencias recaídas en los juicios en que cabía aquel recurso.—Considerando: Que según el artículo 1,693 de la citada Ley de Enjuiciamiento Civil, no se da recurso de casación contra los autos dictados en los procedimientos para la ejecución de sentencias, á no ser que resuelvan puntos sustanciales no controvertidos en el pleito, ni decididos en la sentencia, ó se provea en contradicción con lo ejecutoriado.—Considerando: Que los autos recurridos no resuelven punto alguno sustancial de derecho, ni tampoco por ellos se provee en contradicción con la sentencia de remate dictada en el juicio ejecutivo de Lecaroz y Cª contra Don Andrés A. Delgado, pues fueron dictados para su cumplimiento y guardan perfecta congruencia con la misma, no procediendo por tanto contra aquéllos el recurso de casación interpuesto.—Fallamos: Que debemos declarar y declaramos no haber lugar á resolver el recurso de casación por infracción de ley interpuesto por Don Andrés A. Delgado, al que condenamos en las costas; y con devolución de autos, líbrese la certificación correspondiente al Tribunal del Distrito de Arecibo, á los fines legales procedentes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Manuel F. Rossy.

Publicación. Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á veinte y seis de Diciembre de mil novecientos.—E. de J. López Gaztambide, *Secretario*.